Curia, per

Wardlaw, J.
What is here called the general custom of the store, was only a particular custom of a particular house, to which no assent of the defendant was proved. In the case of Holmes vs. Misroon, 1 Treadway, 26, 30, 34, 35, 3 Brevard, 212, it is declared to be the settled doctrine of this State, that interest on an open account is not allowed, unless expressly agreed to be paid, or it be proved to have been the custom of the parties to allow it. And the case of Knight vs. Mitchell, 2 Treadway, 668, 3 Brevard, 506, declares that interest is not recoverable on an open account, even where a time is fixed for the pay *250 merit, unless there be an agreement to pay interest, which agreement may be express or implied, and may be implied from the course of trade or dealing between the parties. Had there been proof here that the defendant had dealt with a plain understanding that he was to be charged interest, his agreement to pay it might have been inferred; but it would be overturning a long established doctrine, and increasing the dangerous reliance upon a party’s own books for evidence, which already prevails too much, if any custom of one party, not expressly or impliedly sanctioned by the other, should have the effect of an agreement to pay interest.
A new trial is therefore ordered, unless the plaintiffs will enter a remitter of the interest.
Richardson, O’Neall, Evans, and Butler, JJ., concurred.